**<u>NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER</u>**

<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000374
30-MAY-2025
07:49 AM
Dkt. 95 SO**</span>

NO. CAAP-22-0000374

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HYE JA CHOI, Appellant-Appellant,
v.
TACHIBANA ENTERPRISES, LLC, and DEPARTMENT OF LABOR AND
INDUSTRIAL RELATIONS, Appellees-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-20-0001364)

<u>SUMMARY DISPOSITION ORDER</u>
(By:  Wadsworth, Presiding Judge, Nakasone and McCullen, JJ.)

In this secondary appeal, self-represented Appellant-Appellant Hye Ja Choi (**Choi**) challenges her disqualification from unemployment benefits for work-related misconduct under Hawaii Revised Statutes (**HRS**) § 383-20(2).[1]  We affirm.

---

[1]  HRS § 383-30(2) (2015), entitled "Disqualification for benefits," provides that "[a]n individual shall be disqualified for benefits" if "the individual has been discharged for misconduct connected with work[.]"

Choi appeals from the Circuit Court of the First Circuit's (**Circuit Court**)[2] May 11, 2022 "Order Affirming Appellee[-Appellee] Department of Labor and Industrial Relations' [(**DLIR**)] Decision, Dated September 4, 2020" (**Order Affirming DLIR Decision**) and "Final Judgment." The May 11, 2022 Order Affirming DLIR Decision affirmed the September 4, 2020 "Decision in the Matter of: 2004430" by the DLIR Employment Security Appeals Referees' Office (**ESARO Decision**) disqualifying Choi from unemployment benefits.

While Choi's Opening Brief does not comply with Hawai'i Rules of Appellate Procedure (**HRAP**) in multiple respects, containing no points of error, record references, or argument citing to "parts of the record relied on[,]" see HRAP Rule 28(b)(3), (b)(4), and (b)(7), we endeavor to afford "litigants the opportunity to have their cases heard on the merits, where possible." Marvin v. Pflueger, 127 Hawai'i 490, 496, 280 P.3d 88, 94 (2012) (cleaned up). We liberally interpret pleadings prepared by self-represented parties to promote access to justice and afford them appellate review, despite their non-compliance with court rules. See Erum v. Llego, 147 Hawai'i 368, 380-81, 465 P.3d 815, 827-28 (2020). We thus address Choi's arguments to the extent they are discernible.

On appeal, Choi appears to argue **(1)** that the Circuit Court erred by affirming the ESARO Decision that found Choi was discharged for work-related misconduct; and **(2)** that the DLIR "fail[ed] to provide language services" to Choi, and that Choi

---

[2] The Honorable James H. Ashford presided.

did not have "an opportunity to pr[esent] oral statements, evidence and witnesses[.]"[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Choi's contentions as follows.

On March 30, 2020, Choi was terminated from her job as a "part-time tour guide" for Appellee-Appellee Tachibana Enterprises, LLC (**Employer**).

On June 3, 2020, the Unemployment Insurance Division (**UID**) issued a "Notice of Unemployment Insurance Decision" (**UID Decision**), determining that Choi was not disqualified from receiving unemployment benefits because Choi was "not discharged for misconduct connected with work" under HRS § 383-30(2).

On June 9, 2020, Employer appealed the June 3, 2020 UID Decision, arguing that Choi was "involuntarily terminated for unprofessional conduct and insubordination."

On July 8, 2020, a telephonic hearing was held before the ESARO Appeals Officer.  Choi did not call in for the hearing.  The Appeals Officer entered Employer's exhibits into evidence, and noted that Choi sent in 39 pages of "additional documents" after the hearing was scheduled; however, the documents were not entered because Choi did not send a copy to Employer and was not present at the hearing.  The Appeals Officer explained that Choi could present the documents if she requested to reopen the appeal and was granted another hearing.

---

[3]     We do not address Choi's additional contention that she was "disqualified" [sic] from "attend[ing] the first hearing" on July 8, 2020 before the ESARO appeals officer (**Appeals Officer**), where the Appeals Officer granted Choi's request to reopen the hearing, and a subsequent hearing was held on August 24, 2020.  Assuming arguendo any error occurred, it was harmless.

Employer testified that Choi refused to sign an acknowledgment for a "revised [employee] handbook" and was given a "written warning" for "[i]nsubordination[.]"  Employer presented witnesses and exhibits regarding two February 2020 customer service complaints against Choi.

On July 9, 2020, the Appeals Officer reversed the June 3, 2020 UID Decision that Choi was eligible for unemployment benefits, and determined that Choi was "discharged for misconduct connected with work[,]" and therefore "disqualified for benefits." (**Initial ESARO Decision**)

On July 24, 2020, Choi requested a reopening of the July 9, 2020 Initial ESARO Decision because "she mistakenly thought the Appeals Officer would be calling her and that she did not have to call in advance."  Choi's request was granted, and a hearing was scheduled for August 24, 2020.

At the August 24, 2020 telephonic hearing, Choi was provided a Japanese interpreter as requested.  The Appeals Officer entered Choi's "forty-page document" and an additional "nineteen pages of additional evidence" submitted by Choi; and went over the "previous documents that were entered" at the prior hearing.  Choi testified and cross-examined Employer's witness; and Choi was informed that she could "call witnesses if she want[ed]."  While testifying, Choi was repeatedly requested to state "one sentence at a time" to "let the interpreter interpret first," but Choi had difficulty doing so.  Because of this difficulty, Choi agreed to let the Appeals Officer admit into the record her prior statement regarding her discharge that she had previously submitted.

The Appeals Officer's September 4, 2020 ESARO Decision reaffirmed the July 9, 2020 Initial ESARO Decision, noted that Employer and Choi disputed the facts, and found Employer's

"overall testimony and evidence to be more consistent and credible." The ESARO Decision found that Choi was terminated as a result of the following incidents: a March 16, 2020 "written warning for insubordination" for "repeated non-compliance" for refusing to sign an acknowledgment for the revised employee handbook; a February 17, 2020 "[c]ustomer [s]ervice [c]omplaint" for "violation of . . . airport security regulations" by attempting to have a "passenger with a baby go through the 'Gold Lane' security checkpoint instead of the regular ticketed security checkpoint"; and a February 20, 2020 "[c]ustomer [s]ervice [c]omplaint" for making "a loud false statement to airline staff." The ESARO Decision concluded that Choi's termination was a result of "gross neglect of duty and a deliberate disregard of the standards of behavior an employer has a right to expect of an employee,"[4] and thus, Choi "was discharged for misconduct connected with work."

Choi appealed to the Circuit Court, and following an April 1, 2022 hearing,[5] the Circuit Court filed its May 11, 2022 Order Affirming DLIR Decision. Choi timely appealed to this court.

On secondary appeal, "[t]he standard of review is one in which this court must determine whether the circuit court was

---

[4] The Appeals Officer cited to Hawaiʻi Administrative Rules (**HAR**) § 12-5-51, which explains in subsection (c), that work-related misconduct "consists of actions which show a wilful or wanton disregard of the employer's interests[.]" Subsection (e)(2), (e)(4), and (e)(5) provide that such misconduct may include an "[a]ltercation at work[,]" "gross neglect of duty[,]" or the "[e]mployee's wilful disobedience of employer's directives or employee's insubordination[.]"

[5] There is no transcript of the April 1, 2022 hearing. See Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript." (cleaned up)).

right or wrong in its decision, applying the standards set forth in HRS § 91-14(g) . . . to the agency's decision." <u>Flores v. Bd. of Land & Nat. Res.</u>, 143 Hawai'i 114, 120, 424 P.3d 469, 475 (2018) (citation omitted).

**(1)** Choi appears to challenge the Circuit Court and ESARO decisions by arguing that she was discharged for circumstances related to the COVID-19 pandemic, and not for work-related misconduct. These are factual determinations that turn on the Appeals Officer's resolution of any conflicts in witnesses' testimonies or other evidence.

"[C]ourts decline to consider the weight of the evidence to ascertain whether it weighs in favor of the administrative findings, or to review the agency's findings of fact by passing upon the credibility of witnesses or conflicts in testimony[.]" <u>Application of Hawaiian Elec. Co., Inc.</u>, 81 Hawai'i 459, 465, 918 P.2d 561, 567 (1996) (citation omitted).

Here, the Appeals Officer found, based on Employer's "more consistent and credible" "testimony and evidence," that Choi "was discharged for misconduct connected with work" because of the March 16, 2020 insubordination warning, and two customer service complaints in February 2020. Choi does not present argument regarding why these findings are clearly erroneous and not supported by the record.

**(2)** Choi appears to argue that her "legal rights were infringed by [DLIR]'s failure to provide language services[,]" and that DLIR "refus[ed] [sic]" Choi "to submit evidence and . . . witnesses[.]"

Here, the record of the August 24, 2020 hearing reflects that: Choi was provided a Japanese interpreter as requested; Choi presented testimony and cross-examined Employer's witness; and Choi submitted a "forty-page document"

6

and "nineteen pages of additional evidence" into evidence. Choi's argument is not supported by this record.

We conclude the Circuit Court did not err in affirming the ESARO Decision.  See Flores, 143 Hawaiʻi at 120-21, 424 P.3d at 475-76.

For the foregoing reasons, we affirm the Circuit Court's May 11, 2022 Order Affirming DLIR Decision and Final Judgment.

DATED:  Honolulu, Hawaiʻi, May 30, 2025.

On the briefs:

Hye Ja Choi,
Self-represented Appellant-
Appellant.

Trisha C. Gibo,
For Appellee-Appellee
TACHIBANA ENTERPRISES, LLC.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

7